Craig Sanders (SBN: 284397)
 csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brittany Hosea-Small,<br><br>Plaintiff,<br><br>v.<br><br>Veterans Green Coffee,<br><br>Defendant. | Case No:  **'26 CV 4598 TWR BJW**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br>JURY TRIAL DEMANDED |

Plaintiff Brittany Hosea-Small ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Veterans Green Coffee ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Brittany Hosea-Small is a professional photojournalist and documentary photographer whose work has been widely published by news organizations, media outlets, educational institutions, editorial publications, and digital-media platforms.

PLAINTIFF'S COMPLAINT

3. Plaintiff regularly photographs artists, veterans, public figures, cultural events, community subjects, and matters of public interest.

4. Plaintiff created a photograph depicting artist and Marine veteran Ehren Tool (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

5. Defendant operates a commercial coffee, merchandise, and lifestyle business that distributes content and markets products through online platforms.

6. Defendant owns and operates a website located at veteransgreencoffee.com (the "*Website*").

7. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Website in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff is a citizen of the State of California and maintains a principal place of business in Contra Costa County, California.

9. Defendant is a California corporation with a principal place of business at 960 Rancheros Drive, San Marcos in San Diego County, California.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

PLAINTIFF'S COMPLAINT

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

13. Plaintiff is a professional photojournalist and documentary photographer whose work has been widely published by news organizations, media outlets, educational institutions, editorial publications, and digital-media platforms.

14. Plaintiff regularly photographs artists, veterans, public figures, cultural events, community subjects, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

15. Plaintiff has devoted substantial time, skill, effort, and expense to developing her photography business and creating a portfolio of original photographic works.

16. Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, educational institutions, websites, businesses, marketing agencies, and other third parties for authorized use.

17. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of her business.

18. Plaintiff actively protects her copyrighted works against unauthorized reproduction, distribution, display, and exploitation.

19. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of her copyrighted works, and interferes with the market for authorized licenses.

20. On January 20, 2020, Plaintiff first published the Photograph. A copy

PLAINTIFF'S COMPLAINT

of the Photograph is attached hereto as Exhibit 1.

21.	Plaintiff published the Photograph by commercially licensing it to UC Berkeley News for the purpose of display and public distribution.

22.	In creating the Photograph, Hosea-Small personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, camera equipment, and other creative elements used to capture the image and made each and every artistic determination necessary for the creation of the work.

23.	On June 2, 2020, the Photograph was registered by the USCO under Registration No. VA 2-209-251.

24.	Hosea-Small created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.	Defendant's Infringing Activity**

25.	Defendant is the registered owner of the Website and is responsible for its content.

26.	Defendant is the operator of the Website and is responsible for its content.

27.	The Website is a key component of Defendant's popular and lucrative commercial enterprise.

28.	The Website is monetized in that it sells merchandise, such as coffee and tools, to the public and, on information and belief, Defendant profits from these activities.

29.	Upon information and belief, Defendant operates a commercial coffee, merchandise, and lifestyle business that markets and sells products through the Website.

30.	Upon information and belief, Defendant's personnel possess substantial experience in reviewing, selecting, acquiring, publishing, and distributing visual content and are familiar with industry practices concerning copyright ownership,

PLAINTIFF'S COMPLAINT

licensing, attribution, content acquisition, and the protection of intellectual-property rights.

31.    Upon information and belief, the Website serves as a primary marketing, branding, publishing, and e-commerce platform through which Defendant promotes its products, communicates with consumers, advertises merchandise, and generates sales revenue.

32.    Upon information and belief, Defendant regularly publishes photographs and visual content depicting veterans, artists, craftspeople, products, and other subjects intended to attract consumer attention, increase engagement, and promote Defendant's products and brand.

33.    Upon information and belief, Defendant derives commercial benefit from operation of the Website through product sales, merchandise sales, consumer traffic, brand promotion, customer acquisition, and related revenue-generating activities.

34.    Without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Website as part of online content located at URLs: https://veteransgreencoffee.com/pages/shop ("Infringement" #1) and https://veteransgreencoffee.com/pages/coffee-tools ("Infringement" #2). Copies of screengrabs depicting the Infringements are attached hereto as Exhibit 2.

35.    The Photograph was reproduced, displayed, stored, and maintained by Defendant at URL: https://veteransgreencoffee.com/cdn/shop/files/Ehren-Tool-11-1200_2400x.jpg?v=1687984344.

36.    The Infringements are copies or substantially similar copies of Plaintiff's original Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

37.    Plaintiff first observed the Infringements on September 22, 2023.

5

PLAINTIFF'S COMPLAINT

38. Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph (collectively, the "*Infringements*").

39. The Infringements include URLs ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

40. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

41. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, distributed, and made available through the Website by Defendant.

42. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringements because such a claim would amount to willful blindness.

43. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

44. Upon information and belief, Defendant maintained and exercised the right and ability to control, supervise, review, approve, modify, remove, disable, and otherwise regulate content appearing on the Website, including the Photograph at the image-storage URL identified herein.

45. Upon information and belief, Defendant has received a financial benefit

PLAINTIFF'S COMPLAINT

directly attributable to the Infringements.

46.    Upon information and belief, the Infringements increased engagement with the Website and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

47.    Upon information and belief, Defendant distributed the Infringements to a broad audience through the Website and derived commercial value from the resulting audience engagement, promotional exposure, brand visibility, consumer interest, website traffic, product visibility, and related business-development opportunities.

48.    Defendant's use of the Photograph harmed the actual market for the Photograph.

49.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

50.    On September 30, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

51.    Thereafter, on March 21, 2024, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

52.    Thereafter, on December 11, 2025, Plaintiff, through counsel, sent an additional communication seeking to resolve the dispute without litigation and affording Defendant a further opportunity to address Plaintiff's claims.

53.    Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, compensate Plaintiff, or remove the Photograph from Defendant's control.

PLAINTIFF'S COMPLAINT

54.     Upon information and belief, the Photograph remained publicly accessible after Defendant received Plaintiff's notices concerning the Infringements, including through the image URL identified herein.

55.     Despite receiving notice on multiple occasions concerning Plaintiff's ownership of the Photograph and Defendant's unauthorized use thereof, Defendant failed and refused to remove the stored image file from its servers and continued to make the Photograph available for public access.

56.     Upon information and belief, the Photograph remained publicly accessible after Defendant received Plaintiff's notices concerning the Infringements, including through the image URL identified herein. Despite receiving notice on multiple occasions concerning Plaintiff's ownership of the Photograph and Defendant's unauthorized use thereof, Defendant failed and refused to remove the stored image file from its servers and continued to make the Photograph available for public access through URL: https://veteransgreencoffee.com/cdn/shop/files/ Ehren-Tool-11-1200_2400x.jpg?v=1687984344.

57.     Upon information and belief, Defendant's continued maintenance of the Photograph at the foregoing URL after repeated notices of infringement constitutes evidence of Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

58.     Upon information and belief, Defendant's continued maintenance of the Photograph at the foregoing URL after repeated notices of infringement, despite possessing the ability to remove, disable, restrict, or otherwise control access to the Photograph, constitutes evidence of Defendant's actual knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

59.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

PLAINTIFF'S COMPLAINT

60.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

61.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

62.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

63.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

64.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

65.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, and publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

66.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

67.    Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

68.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

69.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

70.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

71.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

        a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

        b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

        c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant

PLAINTIFF'S COMPLAINT

from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.


DATED: August 12, 2026

                              **SANDERS LAW GROUP**

                              By: _/s/ Craig Sanders_
                              Craig Sanders, Esq.
                              333 Earle Ovington Blvd, Suite 402
                              Uniondale, NY 11553
                              Tel: (516) 203-7600
                              Email: csanders@sanderslaw.group
                              File No.: 128773

                              *Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT